**Calvin S. MOORE, Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.**

No. 80–9022.

United States Court of Appeals, Eleventh Circuit.

Aug. 23, 1982.

Ellsworth T. Simpson, Washington, D.C., Mary Ann B. Oakley, Atlanta, Ga., for plaintiff-appellant.

Sidney O. Smith, Jr., Alston, Miller & Gaines, John R. Crenshaw, Anne S. Rampacek, Atlanta, Ga., for defendant-appellee.

Before TUTTLE, HILL and JOHNSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Calvin Moore brought this action against Sears, Roebuck and Company alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, 623. The jury verdict and judgment were entered in favor of Sears.

During the trial, Sears introduced a series of memoranda prepared by Moore's supervisors over a period of months. The memos, most of which are designated "for the file," contain observations pertaining to Moore's performance, summaries of reports on his performance made by other Sears employees, and chronological accounts of events such as personnel investigations and meetings. Several of the persons whose reports were reflected in the memos testified at trial. Moore's attorney, contending that the documents constituted hearsay, challenged the introduction of this evidence [1] by way of a continuing objection originally made by a motion in *limine*.[2]

The trial judge admitted the documents in question under the business records exception to the hearsay rule,[3] Fed.R.Evid. 803(6). On appeal, Moore argues that the judge abused his discretion, thus necessitating a new trial.

We hold that the trial judge properly admitted the evidence in question because it did not constitute hearsay; we need not decide whether the documents were admissible business records under Fed.R.Evid. 803(6). " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The documents here were not tendered to prove the particulars of their contents, but to help establish that Sears was motivated, in good

---

1. Moore contends that the employees would have been unable to testify had the documents not been introduced and asserts that the testimony should thus have been excluded along with the documents. We have difficulty with this argument since the only basis for a hearsay objection would be that the employees, who were the out-of-court declarants, were not giving their own testimony in court. Resolution of this issue is unnecessary to our result.

2. Sears asserts that the objection was not sufficient, but we do not reach that issue.

3. The trial judge did not issue, nor did Moore seek, instructions explaining to the jury how the evidence was relevant or instructions restricting its use.

faith, to discharge Moore for reasons other than age.[4]

The appellant argues that it was unnecessary for Sears to introduce, in detail, the contents of the memoranda as evidence of proper intent, that it would have been sufficient for Sears to have established the existence and nature of . the memoranda. Sears could have chosen to take that alternate course. Instead, however, Sears sought to introduce more specific evidence of Sears' assessment of Moore's performance in order to strengthen the credibility of those who testified that Moore had been terminated for bona fide reasons.[5]

Since the admission of the documents and the accompanying testimony was proper to show that Sears' stated reasons for termination were not a pretext, the trial court's decision is

AFFIRMED.

---

**4.** It is well settled in employment discrimination cases such as this that for an employer to prevail the jury need not determine that the employer was correct in its assessment of the employee's performance; it need only determine that the defendant in good faith *believed* plaintiff's performance to be unsatisfactory and that the asserted reason for the discharge is therefore not a mere pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1256–57 & n.6 (5th Cir. 1977); *Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1219–20 (7th Cir. 1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

**5.** This defense strategy is common, and we acknowledge that ADEA cases often degenerate into what may seem to be trials on the issue of competence. It is not improper for a defendant to introduce evidence reflecting the unsatisfactory performance of a former employee, though, for that evidence is relevant to the real issue—the defendant's motive for termination.