———————

No. 96-1703

———————

Matti I. Schultz,                          *
                                           *
    Plaintiff/Appellant,           *
                                           * Appeal from the United States
          v.                    * District Court for the Eastern
                                           * District of Missouri.
McDonnell Douglas Corporation,             *
                                           *
    Defendant/Appellee.            *

———————

Submitted: December 12, 1996

Filed: February 5, 1997

———————

Before WOLLMAN and MURPHY Circuit Judges, and TUNHEIM,[1] District
    Judge.

———————

MURPHY, Circuit Judge.


    Matti Schultz was discharged by his employer, the McDonnell Douglas
Corporation, which he then sued for age discrimination under 29 U.S.C. §
621 et seq., and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010
et seq.[2] After a six day trial a jury found in favor of McDonnell Douglas,
and the district court[3] ordered judgment entered in favor of the
corporation. Schultz

———————

[1]The Honorable John R. Tunheim, United States District Judge
for the District of Minnesota, sitting by designation.

[2]Schultz also alleged interference with his pension benefits
under the Employee Retirement Income Security Act (ERISA), 29
U.S.C. § 1001 et. seq., and national origin discrimination under
Title VII, 42 U.S.C. § 2000a et seq. and state law. These claims
were dismissed prior to trial, and they are not involved in this
appeal.

[3]The Honorable Edward L. Filippine, United States District
Judge for the Eastern District of Missouri.

appeals from the denial of his motion for a new trial based on the exclusion of certain statistical evidence. We affirm.

Schultz was a principal technical specialist when he was discharged as part of a reduction in force. In the two performance evaluations before the reduction in force, Schultz had been given the lowest overall ratings of any of the sixteen specialists in his department. Schultz, who was fifty-seven and the fourth oldest specialist in his department when discharged, was the only specialist in that department to be terminated. At trial he attempted to introduce statistical evidence demonstrating a pattern of age discrimination by McDonnell Douglas. The statistics were based on data taken from the company's Production Operations Division, which consisted of 3,731 employees.

The district court excluded the statistical evidence from the divisional level because it was not based on comparable employees, citing Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 252 (8th Cir. 1995), and Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995). The statistics dealt with a much larger group of employees than the district court found relevant; they were not comparable in its view because they did not include performance evaluations.

Schultz contends that he had offered additional evidence of age animus at the departmental level to show the reasons offered for discharge were pretextual. He also claims that there was evidence demonstrating the involvement of managers at the higher divisional level in his termination.[4] This would have made the divisional level statistical evidence relevant, and it should have been admitted. He seeks a new trial so that he can present the statistics.

---

[4]This evidence was excluded at trial and Schultz has not claimed this ruling was erroneous.

2

We review the denial of a motion for a new trial under an abuse of discretion standard.  <u>McKnight v. Johnson Controls, Inc.</u>, 36 F.3d 1396, 1400 (8th Cir. 1994).  The admissibility of evidence is also within the trial court's discretion.  The question presented on the post-trial motion was whether exclusion of the evidence  was "so prejudicial as to require a new trial which would be likely to produce a different result."  <u>O'Dell v. Hercules, Inc.</u>, 904 F.2d 1194, 1200 (8th Cir. 1990).

The district court did not abuse its discretion in excluding the statistical evidence.  While it is true that <u>MacDissi v. Valmont Indus. Inc.</u>, 856 F.2d 1054 (8th Cir. 1988), indicated that other evidence of discrimination may add to the relevance of statistical evidence, it did not contradict the rule that the statistics must evaluate comparable employees to be meaningful indicators of pretext.  856 F.2d at 1058-59; <u>Hutson</u>, 63 F.3d at 778 (discussing <u>MacDissi</u>).  Even if the decision to discharge Schultz had been made with the involvement of division level managers, he has not shown that the 3,731 division employees reflected in the statistics were comparable to him.  McDonnell Douglas claimed Schultz was selected for discharge because of his performance ratings, and the statistical evidence did not incorporate the performance ratings of other employees.  The probative value of statistical evidence that does not reflect significant differences among employers would be prejudicial and misleading.  <u>See</u>  Fed. R. Evid. 403.

For these reasons the district court did not err in denying the motion for a new trial. Accordingly, its order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

3