**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2500

_____

Dennis Eugene Wolff,                    *
                                        *
    Plaintiff - Appellant,              *
                                        *   Appeal from the United States
    v.                                  *   District Court for the
                                        *   Eastern District of Missouri.
Jesse Brown, Secretary of the Veterans                      *
Administration,                         *
                                        *
    Defendant - Appellee.               *

_____

Submitted:  May 21, 1997
    Filed:   November 4, 1997

_____

Before BEAM, FRIEDMAN,* and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

    In July 1992, the Veteran's Administration hired Dennis Eugene Wolff, a white male, as a licensed practical nurse at the Jefferson Barracks Medical Center in St. Louis.  Assigned to an evening shift in a psychiatric unit, Wolff could not get along with the other nurses, many if not most of whom were African-American females.  His

_____

*The HONORABLE DANIEL M. FRIEDMAN, United States Circuit Judge for the Federal Circuit, sitting by designation.

conduct triggered many written complaints by co-workers and some patients. In late November, the head nurse evaluated Wolff's performance as unacceptable.  In mid-December, the hospital transferred him to a day shift because of his "communication deficiencies."  He was discharged in June 1993, prior to the end of his one-year term as a probationary employee. Wolff then commenced this action, asserting claims of race and sex discrimination and violations of the Equal Pay Act.  The jury returned a verdict in favor of the VA, and the district court[1] denied Wolff's motion for a new trial.  Wolff appeals, asserting instruction and evidentiary errors.  We affirm.

1. Instruction Issues.  Wolff argues that the district court committed plain error by giving a mixed motive instruction regarding his sex discrimination claim.  This issue has its roots in § 107 of the Civil Rights Act of 1991, which partially overruled Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).  In Price Waterhouse, the Supreme Court held that, when a disparate treatment plaintiff has proved that a forbidden factor such as gender was a motivating factor in the adverse employment action, "an employer *shall not be liable* if it can prove that, even if it had not taken gender into account, it would have come to the same decision . . . ."  Id. at 242 (emphasis added).  In the 1991 Act, Congress amended the statute so as to provide "that proof that an employer would have made the same employment decision in the absence of discriminatory reasons is relevant to determine not the liability for discriminatory employment practices, but only the appropriate *remedy*."  H.R. Rep. No. 102-40(I), at 48 (1991), reprinted in 1991 U.S.C.C.A.N. 549, 586.  Congress accomplished this change by adding two new sections to Title VII:

> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race,

---

[1]The HONORABLE TERRY I. ADELMAN, United States Magistrate Judge for the Eastern District of Missouri, who tried the case with the consent of the parties under 28 U.S.C. § 636(c).

color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2000e-2(m).

> On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court --
>
>> (I) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
>>
>> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B).

Two of the district court's instructions implemented these 1991 amendments. The court's first instruction explained Wolff's burden to prove unlawful discrimination under § 2000e-2(m):

> Your verdict must be for the Plaintiff . . . on Plaintiff's sex discrimination claim if all the following elements have been proved by a preponderance of the evidence: first, Defendant discharged Plaintiff; and second, Plaintiff's sex was a motivating factor in Defendant's decision. If either of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the Defendant and you need not proceed further in considering this claim.

That instruction is consistent with our recent decision that the district court "*must* tell the jury to resolve the ultimate issue of intentional discrimination [but] is not 'constrained to' instruct how discrimination can be proved." Ryther v. KARE 11, 108 F.3d 832, 849-50 (8th Cir.) (en banc) (Loken, J., dissenting but speaking for a majority of the court on this issue), cert. denied, 117 S. Ct. 2510 (1997).

In its very next instruction, the district court went on to give what Wolff now describes as a plainly erroneous mixed motive instruction:

> If you find in favor of Plaintiff on his sex discrimination claim, then you must answer the following question in the Verdict Form: "Has it been proved by the preponderance of the evidence that Defendant would have discharged Plaintiff regardless of his sex?"

Because Wolff only sought damages for wrongful discharge, this instruction is consistent with the mandate in § 20003-5(g)(2)(B)(ii) that an employer is not liable *for damages* if it would have taken the same action absent its impermissible motive. Wolff argues that the instruction was plain error because it failed to place on the VA the burden of proving it would have made the same decision to discharge had it not discriminated on account of gender. We agree that both Price Waterhouse and the new statute expressly place this burden on the employer. But the instruction in this case was merely ambiguous as to the burden of proving this affirmative defense. Absent a timely objection by Wolff, or a request that the instruction be clarified in this regard, it was not plain error to give the instruction as worded. See Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir. 1993) (plain error occurs only when an instruction "produced a miscarriage of justice").

Wolff next argues that the district court erred by giving a business judgment instruction -- "You may not return a verdict for Plaintiff just because you might disagree with defendant's decision or believe it to be harsh or unreasonable." "[I]n an

-4-

employment discrimination case, a business judgment instruction is 'crucial to a fair presentation of the case,' [and] the district court must offer it whenever it is proffered by the defendant." <u>Stemmons v. Missouri Dep't of Corrections</u>, 82 F.3d 817, 819 (8th Cir. 1996), quoting <u>Walker v. AT & T Technologies</u>, 995 F.2d 846, 849 (8th Cir. 1993).  Thus, the district court did not abuse its discretion by giving this instruction.

    <u>2. Evidentiary Issues.</u>  Wolff raises two issues regarding various internal VA documents that the jury considered.  Both issues involve the same type of document -- memoranda written by other VA employees and supervisors describing specific instances of Wolff's misconduct or his failure to get along with hospital staff and patients.  However, the two evidentiary issues are very different.

    <u>(a)  A Business Records Question.</u>  Wolff argues that the district court improperly admitted seven employee memoranda under the business records exception to the hearsay rule.  <u>See</u> Fed. R. Evid. 803(6).  The documents were prepared either on VA "Memorandum" letterhead, or on VA forms entitled "Report of Contact."  Wolff contends that these documents should have been excluded because they are not legitimate business records, contain prejudicial hearsay, and in some cases were authored by persons who did not testify at trial.  We review these evidentiary rulings for clear abuse of discretion.  <u>See</u> <u>Paul v. Farmland Indus., Inc.</u>, 37 F.3d 1274, 1277 (8th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1017 (1995).

    The district court denied Wolff's pretrial motion *in limine* to exclude all such documents.  When the issue first arose at trial, the court ruled that, if the VA laid an adequate foundation that a particular employee memorandum was prepared in the regular course of business, the document would be admitted as a business record unless it contained "otherwise improper hearsay or prejudicial matters or untrustworthy matters."  Thereafter, the VA presented testimony that its employees and supervisors were required to prepare Reports of Contact and similar memoranda regarding notable employee conduct.  This testimony satisfied the district court that these documents are

legitimate business records.  In addition, the VA witnesses testified, and the court found it significant, that each of the documents in question was considered by VA decisionmakers in deciding to discharge Wolff.

In employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay as that term is defined in Fed. R. Evid. 801(c) --  statements offered to prove the truth of the matters asserted.  Rather, such documents are relevant and admissible because they help explain (or may help explain) the employer's conduct.  See Hardie v. Cotter & Co., 849 F.2d 1097, 1101 (8th Cir. 1988); Jones v. Los Angeles Comm. College Dist., 702 F.2d 203, 205 (9th Cir. 1983); Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1322 (11th Cir. 1982).  Thus, the district court did not abuse its discretion by admitting these employee memoranda as business records relevant to the VA's stated reasons for Wolff's discharge.  See Crimm v. Missouri Pac. R.R., 750 F.2d 703, 709 (8th Cir. 1984).[2]

(b)  Is a New Trial Warranted Because the Jury Saw Documents Not in Evidence?  Exhibit 2 at trial was Wolff's performance appraisal report, a composite document containing supervisor appraisals and ratings recorded between August 1992 and April 1993.[3]  The original of Exhibit 2 was part of Wolff's permanent personnel file maintained by the VA's personnel department.  That file also contained other documents, including employee and supervisor memoranda reciting problems they had

---

[2]Wolff argues that three of the memoranda should have been excluded as irrelevant and impermissible character evidence because they recorded Wolff's admissions to staff that he is the child of an alcoholic and was receiving private counseling for personal problems.  The district court admitted these documents because they reflect Wolff's explanations for his performance problems to his supervisors and therefore support the VA's claim that performance problems motivated his discharge.  After reviewing these documents, we agree with the district court's analysis.

[3]The record on appeal does not contain a copy of Exhibit 2 as offered by Wolff, so we are left to reconstruct its contents from the trial testimony.

encountered working with Wolff.  Witness Nancy Lauermann, a Personnel Management Specialist who appeared as the custodian of Wolff's personnel file, testified that supervisors often attach such memoranda to performance appraisal reports if an employee is rated "unsuccessful" or "less than fully successful."

At the end of the trial, counsel for Wolff asked that the original of Exhibit 2 be furnished to the jury during its deliberations.  The district court agreed but left it to the attorneys to assemble trial exhibits for the jury.  After the jury returned its adverse verdict, Wolff moved for a new trial because Exhibit 2 as submitted to the jury included not only the seven pages in Wolff's Exhibit 2, but also additional pages from his personnel file that had not been offered or received into evidence, including seven employee memoranda critical of his job performance.  Describing the mix-up as unfortunate, the district court nonetheless denied relief because these memoranda were cumulative and therefore did not unduly prejudice Wolff's case.  We review the district court's denial of a motion for new trial for abuse of discretion.  See Schultz v. McDonnell Douglas Corp., 105 F.3d 1258, 1259 (8th Cir. 1997).[4]

In civil cases in this circuit, "the exposure of jurors to materials not admitted into evidence mandates a new trial only upon a showing that the materials are prejudicial to the unsuccessful party."  Peterson by Peterson v. General Motors Corp., 904 F.2d 436, 440 (8th Cir. 1990).  Here, the employee memoranda in question were identified as part of Wolff's personnel file.  Though the VA elected not to offer them, no doubt

_____

[4]Though the ultimate issue is reviewed for abuse of discretion, the district court's determination that Wolff was not unduly prejudiced is more in the nature of a finding of fact.  Prior cases have applied a somewhat inconsistent standard of review to the question whether the jury's consideration of extraneous materials prejudiced a criminal defendant.  Compare United States v. Thomas, 946 F.2d 73, 76 (8th Cir. 1991) (clearly erroneous standard), with United States v. Cheyenne, 855 F.2d 566, 568 (8th Cir. 1988) ("substantial weight" given to trial court's appraisal of prejudicial effects).  However, our decision in this case is the same under either standard of review.

because it offered other memoranda describing Wolff's day-to-day problems with his fellow employees, the memoranda in question were genuine, and all but one were undoubtedly admissible.[5]  Thus, they were not part of the trial record and should not have been submitted to the jury, but in a substantive sense they were not truly "extraneous material."  Compare Neville Construction Co. v. Cook Paint & Varnish Co., 671 F.2d 1107, 1112 (8th Cir. 1982).  In addition, there was no jury misconduct at issue, simply a mistake by counsel in assembling trial exhibits for review during deliberations.  Nor was the jury exposed to altered business records, as it was in Stephens v. South Atlantic Canners, Inc., 848 F.2d 484, 486-87 (4th Cir. 1988).  Finally, because the district court left it to the parties to assemble the documents, because Wolff had insisted that the jury be given the original of Exhibit 2, and because the testimony created some doubt as to what comprised the complete performance appraisal report, Wolff was primarily to blame if the document submitted to the jury was not the original Exhibit 2 that he intended to submit.  In these circumstances, the district court did not abuse its discretion in denying Wolff's motion for a new trial on this ground.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]As the district court recognized, one post-termination memorandum concerning Wolff's conduct on the day he was terminated was not relevant to the decision to discharge and was somewhat prejudicial because it disclosed that hospital security had escorted him from the premises.  However, given the evidence that Wolff had been loud, angry, and threatening to staff on other occasions, we agree with the court that this memorandum did not prejudice his right to a fair trial.