[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12292
Non-Argument Calendar

_____

D. C. Docket No. 03-02282-CV-RWS-1

L. JAMES RICHARDS,

Plaintiff-Appellant,

versus

WELLS REAL ESTATE FUNDS, INC.,
WELLS INVESTMENT SECURITIES, INC.,

Defendants-Appellees,

WELLS CAPITAL, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 16, 2007)**

Before BLACK, MARCUS and HILL, Circuit Judges.

PER CURIAM:

L. James Richards filed this lawsuit against Wells Real Estate Funds, Inc. And Wells Investment Securities, Inc., alleging that he was not hired by it because of his religion. After the close of evidence in his jury trial, Richards moved for judgment as a matter of law on the issue of liability. Richards argued that Wells failed to meet its burden of producing a legitimate nondiscriminatory reason for not hiring him. The district court denied the motion, holding that Wells' evidence of its non-discriminatory reason for the non-hire was legally sufficient. Thereafter, the jury failed to reach a verdict, and the district court mistried the case.

A second jury trial was held. Again, at the close of evidence, Richards moved for judgment as a matter of law on the issues of liability and mitigation. The district court denied the motion. The jury then rendered a unanimous verdict in favor of defendants. Richards subsequently filed a motion for a new trial, which the district court denied. Richards appealed.

The basis for Richards claim that he is entitled to judgment as a matter of law is that Wells failed to carry its burden to articulate a legitimate non-discriminatory reason for his non-hire. He claims that the only evidence Wells adduced on this issue was the "hearsay" testimony of two of its employees that, immediately after Richards' interview with Leo Wells, the chief executive officer of the Wells companies, Wells told two employees that he was not going to hire

2

Richards because Richards had poor listening skills, did not seem enthusiastic about the position, and had not developed any chemistry with Wells during the interview. This testimony, the district court held, was sufficient to establish a non-discriminatory reason for the non-hire, and meet Wells' burden.

Richards argues that the district court abused its discretion in admitting this testimony because it was hearsay. This is not correct. It is well-established in the Eleventh Circuit that the hearsay rule does not apply to out-of-court statements that are offered as evidence of the decision- maker's nondiscriminatory reasons for not hiring someone. *Wright v. Southland Corp.*, 187 F.3d 1287, 1304 (11th Cir. 1999) (testimony that employer said employee was "too old" admissible to prove employer's mindset regarding employee).

In addition, we have upheld the admission of out-of-court written statement prepared by supervisors pertaining to an employee's performance when offered to show the employer's non-discriminatory purpose for taking an employment action. *Moore v. Sears, Roebuck & Co.*, 683 F.2d 1321, 1322-23 (11th Cir. 1982). We noted there that in employment discrimination cases, the jury need not determine that the employer was correct in its assessment of the employee's performance, only the employer had a good faith basis for believing the performance to be unsatisfactory and that the reason was not mere pretext. *Id.* at n.4.

The testimony of the employees in this case was to prove the state of mind of the employer, not to prove that Richards was, in fact, not a good listener. Therefore, it was not hearsay and its admission was not an abuse of discretion.

Because the testimony was properly admitted, the district court correctly found that Wells met its burden of adducing evidence that it had a legitimate, non-discriminatory reason for the non-hire of Richards. The jury credited these reasons after hearing all the parties testify and we agree with the district court that the reasons were not so subjective as to preclude rebuttal by Richards. *See Chapman v. AI Transport*, 229 F.3d 1012, 1033 (11th Cir. 2000) (en banc).

Accordingly, the judgment of the district court is due to be

AFFIRMED.