[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2008
THOMAS K. KAHN
CLERK

No. 07-11087
_____

D.C. Docket No. 05-00472-CV-WDO-5

SILVIA BROWN,

Plaintiff-Appellant,

versus

PULASKI COUNTY BOARD OF EDUCATION,
d.b.a. Pulaski County Schools,
d.b.a. Pulaski County School District,
RONALD E. QUICK, Individually and in
His Official Capacity as Member of
the Pulaski County Board of Education,
JOHN W. BEMBRY, Individually and in His
Official Capacity as Member of the
Pulaski County Board of Education,
JERRY A. DAVIS, Individually and in His
Official Capacity as Member of the
Pulaski County Board of Education,
BONNY C. DIXON, Individually and in Her
Official Capacity as Member of the
Pulaski County Board of Education, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 31, 2008)**

Before ANDERSON, BLACK and HILL, Circuit Judges.

PER CURIAM:

This is an appeal by Silvia Brown, an African-American former employee of the Pulaski County School District, from a grant of summary judgment by the district court in favor of the Pulaski County Board of Education, *et al.* (the appellees), on Brown's Title VII employment discrimination claim of wrongful termination on the basis of race, her First Amendment claims, and her breach of contract claim. Based upon the following analysis, we affirm the judgment of the district court.

We discuss only Brown's Title VII claim.[1] We agree that, under the rubric of *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973), Brown established her *prima facie* case of discrimination: that she is an African-American; that she was qualified for her job; that she was terminated; and that she was replaced by an individual who was not a member of a protected class. *See Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001). However, we find that the appellees met their burden of providing legitimate, non-discriminatory reasons for her termination: that Brown was unprofessional in her interactions with school personnel and supervisors; that she exhibited inappropriate behavior in the

---

[1] All other claims alleged by Brown are without merit and affirmed without opinion.

workplace, *i.e.*, her demeanor, attitude and manner were discourteous, rude, disrespectful, and unacceptable; that she was insubordinate; that she was unwilling to follow the instructions of her supervisors; and that she was unwilling to change or improve in any of these areas. *See, e.g., Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997).

Brown has not met her ultimate burden. She has failed to rebut that the stated reasons for her termination are a pretext for discrimination. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). Neither has she persuaded us that the appellees' reasons are unworthy of belief. *Id*.

The decision maker was Dr. Linda Hayden, superintendent of the school district, who recommended to the members of the board of education that Brown be terminated for lack of professionalism, insubordination, poor attitude, and an unwillingness to correct poor behavior. It is not our place to determine whether or not Dr. Hayden was correct in her assessment of Brown's performance. *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1318 n. 6 (11th Cir. 2003). We conclude that Dr. Hayden in good faith believed Brown's performance to be unsatisfactory. *Id*.; *see also Moore v. Sears, Roebuck & Co.*, 683 F.2d 1321, 1323 n.4 (11th Cir. 1982) (citations omitted).

The asserted reasons for Brown's discharge were not a pretext for

3

discrimination. The record amply reflects that Dr. Hayden was a "by the book" administrator who expected both Caucasian and African-American employees to "tow the line." She may not have been a popular administrator, but the record evidence reflects that was because she "didn't cut any slack left or right." *See Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989) ("The law is clear that, even if a Title VII claimant did not in fact commit the violation with which he is charged, an employer successfully rebuts any *prima facie* case of disparate treatment by showing that it honestly believed the employee committed the violation."). Under *de novo* review, the judgment of the district court is

AFFIRMED.