# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2271

_____

Chariell Ali Glaze,

*Plaintiff - Appellant,*

v.

Demontrel L. Childs, (originally sued as Childs),

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 13, 2017
Filed: June 27, 2017

_____

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Chariell Glaze, a former detainee at the Faulkner County Detention Center in Arkansas, sued Demontrel Childs, a former correctional officer at the Center. Glaze alleged that Childs violated Glaze's constitutional rights by failing to protect Glaze from a violent attack while he was detained. A jury found in favor of Childs. Glaze

moved for a new trial, arguing that the district court[*] improperly excluded certain evidence. We conclude that there was no abuse of discretion and therefore affirm.

While detained at the Center pending trial in a criminal case, Glaze was attacked by three fellow detainees. He brought an action under 42 U.S.C. § 1983, alleging that Childs and Gary Andrews, a lieutenant, violated his constitutional right under the Due Process Clause of the Fourteenth Amendment by failing to protect him from the attack. *See Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). On interlocutory appeal, we concluded that Andrews was entitled to qualified immunity, but remanded for further proceedings on the claim against Childs. *Glaze v. Byrd*, 721 F.3d 528, 533 (8th Cir. 2013).

The trial centered on a credibility dispute. Glaze's cellmate, Bradley Boyce, testified that he warned Childs that three inmates were planning to assault Glaze. According to Boyce, Childs responded that he would inform his lieutenant. Childs, however, denied that Boyce told him about the planned attack. The jury found in favor of Childs.

Glaze's appeal focuses on an evidentiary ruling of the district court. Before trial, the court granted Childs's motion *in limine* to exclude evidence that Childs resigned from the Center in lieu of accepting termination of his employment. Childs resigned after he was accused of passing a cigarette to an inmate in violation of institutional policy. After the verdict in favor of Childs, Glaze moved for a new trial based on the exclusion of evidence. Glaze argued that the reason for Childs's termination showed "dishonest character" and that the rules of evidence allowed its admission. The district court concluded, however, that Childs's resignation was "not indicative of [his] character for truthfulness" and that "the underlying 'bad act' of

---

[*]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

passing cigarettes to an inmate is not the type of 'bad act' evidence which is admissible under the rules of evidence." We review the district court's rulings for abuse of discretion. *Schultz v. McDonnell Douglas Corp.*, 105 F.3d 1258, 1259 (8th Cir. 1997).

Glaze contends that evidence about Childs's resignation was admissible under Rule 404(b). That rule precludes a litigant from introducing "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But the court may allow evidence of prior bad acts "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Glaze does not identify a permissible purpose for the resignation evidence under the rule; he asserts only that the evidence established Childs's "intentional disregard for standards of conduct." His argument seems to be that because Childs violated institutional policy on one occasion, he likely disregarded the alleged warning from Boyce on another. This is the type of propensity evidence that the rule prohibits. The district court thus did not abuse its discretion in ruling that the resignation evidence was inadmissible under Rule 404(b).

Glaze argues alternatively that the court should have allowed cross-examination about the resignation under Rule 608(b), because it was a specific instance of conduct that was probative of Childs's character for untruthfulness. The proffered evidence, however, did not involve deceit or fraud. There was no claim that Childs lied about passing cigarettes, only that he violated policy by doing so. The court thus properly declined to allow inquiry about the incident under Rule 608(b).

The judgment of the district court is affirmed.

_____

-3-