**Janis E. MEREDITH, Plaintiff–Appellant,**

v.

**BEECH AIRCRAFT CORPORATION, Defendant–Appellee.**

**Equal Employment Opportunity Commission, Amicus Curiae.**

No. 92–3288.

United States Court of Appeals, Tenth Circuit.

March 21, 1994.

Alan L. Rupe (Barbara Scott Girard with him on the briefs) of Alan L. Rupe Law Offices, P.A., Wichita, KS, for plaintiff-appellant.

Kathryn A. Gardner (Larry B. Spikes with her on the brief) of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, for defendant-appellee.

Mary L. Clark (Donald R. Livingston, Gen. Counsel; Gwendolyn Young Reams; Vincent J. Blackwood, with her on the brief), Equal Employment Opportunity Commission, Washington, DC for amicus curiae.

Before LOGAN and BRORBY, Circuit Judges, and SEAY,* Chief District Judge.

BRORBY, Circuit Judge.

This case comes to us after the district court granted a motion for summary judgment in favor of Beech Aircraft Corporation ("Beech" or "Company") in a Title VII, 42 U.S.C. § 2000e *et seq.*, sex discrimination in employment action. Ms. Meredith appeals the order, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291. We reverse in part and affirm in part.

Janis Meredith, a former employee at Beech Aircraft Corporation, alleges sex discrimination in employment.[1] She claims Beech discriminated against her when it failed to promote her to the position of group leader of the department, when it gave her a less than adequate evaluation, and when it finally terminated her employment. The district court granted summary judgment in favor of Beech on each of these claims.

■ In reviewing an order granting summary judgment, we must conduct a *de novo* review using the same standard the district court would use. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is only proper when no genuine issue of material fact is disputed. Fed. R.Civ.P. 56(c). Beech is entitled to summary judgment if Ms. Meredith fails to make a sufficient showing of an essential element of the case to which she has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In our review, we must look at the record in the light most favorable to the party opposing summary judgment, in this case Ms. Meredith. *Boren v. Southwestern*

*Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

## BACKGROUND

The record, when viewed in the light most favorable to Ms. Meredith, reveals Ms. Meredith was denied a promotion to become group leader. Beech considered four employees, three women and one man, for the position of group leader. These four employees were Ms. Meredith, Ms. Charlene Montgomery, Ms. Dixie Adair, and Mr. Chuck Berry. Although Mr. Berry was the least qualified for the position, he was promoted to the position of group leader. When the position was given to Mr. Berry, Ms. Meredith contacted the Equal Employment Opportunity Manager at Beech. Ms. Meredith, as well as Ms. Adair, then filed a complaint with the Kansas Commission on Civil Rights ("KCCR").

Three months after filing a complaint with KCCR, Ms. Meredith had her annual performance evaluation at Beech. Her performance was rated by Mr. Charles Switzer, the former group leader who had been promoted to Assistant Manager. Mr. Switzer had participated in the promotion of Mr. Berry, and Ms. Meredith claims he unfairly evaluated her in retaliation to the complaint she filed with the KCCR. While Ms. Meredith was accustomed to receiving favorable ratings in her evaluations, typically "above average" and "superior," the challenged evaluation rated Ms. Meredith as "meets expectations" in eighteen categories and "exceeds expectations" in five categories. In response to this evaluation, Ms. Meredith contacted the Equal Employment Opportunity Manager again and filed a new complaint with the KCCR.

Mr. Switzer became ill and had to take an extended leave of absence from his position as Assistant Manager. Mr. Berry was promoted to fill this vacancy, and the promotion of Mr. Berry left the group leader position vacant. Beech again considered Ms. Meredith, Ms. Adair, and Ms. Montgomery for this position. Beech selected Ms. Montgom-

---

* The Honorable Frank H. Seay, Chief District Judge for the Eastern District of Oklahoma, sitting by designation.

1. Originally, Ms. Meredith alleged sex and age discrimination. She dismissed the age discrimination claim voluntarily prior to the hearing on the summary judgment motion.

ery as the new group leader although she had less experience than Ms. Meredith and Ms. Adair. Ms. Montgomery was the only one of the three women who had not filed a discrimination complaint against the Company.

Two months later, Ms. Meredith filed a civil rights action in district court alleging discrimination and retaliation. Shortly after, Ms. Adair also filed a Title VII suit against Beech.[2] During discovery in Ms. Meredith's suit against Beech, Ms. Meredith produced copies of handwritten annual performance evaluations of her coworkers from the years 1986 and 1987. Without permission, Ms. Meredith had taken these confidential records from a locked filing cabinet at Beech. One month after Beech learned of Ms. Meredith's improper possession of these documents, Beech discharged Ms. Meredith. Ms. Meredith then filed a third complaint with the KCCR and added the claim of wrongful discharge to her Title VII action.

## DISCUSSION

### A

Ms. Meredith sued Beech Aircraft Corporation for sex discrimination in the promotion of Mr. Berry to group leader over Ms. Meredith. The district court found Ms. Meredith had established a *prima facie* case of disparate treatment: (1) she was part of a protected class; (2) she applied for and was qualified for the promotion; (3) despite her qualifications she was rejected; and (4) the position was filled by a person not within the protected class. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The burden then shifted to Beech to present a legitimate, nondiscriminatory reason for the denial of the promotion. *See Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094. Beech asserted Ms. Meredith was not promoted because she lacked the interpersonal, leadership, and communication skills necessary for the position. Once Beech expressed a legitimate, nondiscriminatory reason for the adverse action, the burden returned to Ms.

Meredith to show the asserted reason is merely pretextual.

■ At this stage in the burden shifting analysis, Ms. Meredith invited the district court to consider *Adair v. Beech Aircraft Corp.,* 782 F.Supp. 558 (D.Kan.1992). *Adair* was decided after a full bench trial in Ms. Adair's sex discrimination suit arising out of the same promotion of Mr. Berry. In *Adair,* the court determined Mr. Berry's promotion was gender based and any other reasons set forth by Beech were mere pretext for sexual discrimination. 782 F.Supp. at 563. The district court in Ms. Meredith's action relied on the *Adair* case to preclude Beech from claiming Mr. Berry's promotion was motivated by nondiscriminatory reasons and also to preclude Ms. Meredith from receiving a remedy. Both Beech and Ms. Meredith challenge the offensive use of issue preclusion by the district court against them. We review the use of collateral estoppel to bar relitigation of an issue *de novo. Hubbert v. City of Moore,* 923 F.2d 769, 772 (10th Cir.1991).

■ The district court used issue preclusion against Beech to determine Beech had discriminated. Relying on the issue preclusion requirements repeated in *In re Lombard,* 739 F.2d 499, 502 (10th Cir.1984), the facts are undisputed that (1) Beech was a party in the first suit, (2) Beech had a full and fair opportunity to defend the first action vigorously, (3) the issue in the *Adair* decision that Beech's choice to promote Mr. Berry was based on discrimination is identical to the issue to be determined in *Meredith,* and (4) *Adair* has been finally adjudicated on the merits. *See also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 332, 99 S.Ct. 645, 652, 58 L.Ed.2d 552 (1979); *United States v. Rogers,* 960 F.2d 1501, 1508 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992). The fact of Beech's discrimination was fundamental to the determination in *Adair.* We also note, no procedural differences between the two actions could lead to a different result on this issue. Courts generally have broad discretion in

---

2. The suit brought by Ms. Adair went to judgment. The court found Beech had discriminated in its promotion of Mr. Berry. *Adair v. Beech Aircraft Corp.,* 782 F.Supp. 558 (D.Kan.1992).

using offensive estoppel, and offensive estoppel against Beech was proper in this case.

■ However, the court used *Adair* against Ms. Meredith as well. After finding a violation of Title VII, the district court determined Ms. Meredith was without a remedy under Title VII. The court used *Adair v. Beech* to reach this conclusion. The court reasoned *Adair* had resolved that Dixie Adair was the most qualified for the position of group leader, therefore, Ms. Meredith would not have been promoted to group leader even absent discrimination. The court declared Ms. Meredith is therefore without a remedy and her claim should be dismissed.

We disagree with the district court's use of offensive collateral estoppel against Ms. Meredith who was not a party to the *Adair* suit. Collateral estoppel has been defined as, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). The use of collateral estoppel fails here simply because Ms. Meredith was not a party to the first suit. *See Ten Mile Indus. Park v. Western Plains Serv. Corp.,* 810 F.2d 1518, 1523 (10th Cir.1987). The plaintiffs in the two law suits are not identical and are not in privity with one another. For this reason, Ms. Meredith did not have a full and fair opportunity to litigate the issue in the prior law suit. Also, the issue of Ms. Meredith's remedies was not adjudicated in the *Adair* case.

■ We reject Beech's arguments that the court did not use collateral estoppel against Ms. Meredith but instead applied the basic requirements of *stare decisis* and judicial notice. This is not an example of *stare decisis. Stare decisis* is the policy of courts to adhere to precedent and not to disturb a settled point of law. 2 Fed.Proc., L.Ed. § 3:639. The district court in the instant case did not rely on *Adair* for precedential

treatment of the law. Instead, the court turned to *Adair* for the resolution of specific factual and legal issues peculiar to Ms. Meredith's claim.

■ Similarly, the district court's use of *Adair* against Ms. Meredith was not an instance of judicial notice. Judicial notice is when a judge recognizes the truth of certain facts, which from their nature are not properly the subject of testimony, or which are universally regarded as established by common knowledge.[3] The recognition of certain facts by the judge is proper without proof because such facts are not subject to reasonable dispute. The fact that Ms. Adair was the most qualified for the position of group leader is not this kind of universal truth. It is a fact that must be established through the presentation of evidence. This fact is disputed by Ms. Meredith, and therefore judicial notice would be improper.

■ Beech's final argument in defense of the court's use of the *Adair* case against Ms. Meredith is that Ms. Meredith may not complain about error she herself invited. Beech explains Ms. Meredith was the one to invite the court to consider the *Adair* case, therefore, she initiated the court's reliance. Beech cites various cases that hold "an appellant may not complain on appeal of errors which he himself induced or invited." *Gundy v. United States,* 728 F.2d 484, 488 (10th Cir.1984); *see also United States v. Burson,* 952 F.2d 1196 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1702, 118 L.Ed.2d 411 (1992); *Whiteley v. OKC Corp.,* 719 F.2d 1051 (10th Cir.1983).

The cases holding invited error is unappealable are not applicable to the instant case. For example, in *Burson,* the Tenth Circuit held that a defendant who refused to give the sentencing court a financial statement could not appeal the court's failure to consider adequate information in calculating a fine. This Court explained "a party who induces an erroneous ruling [is not] able to

---

3. **Judicial Notice of Adjudicative Facts**
 . . . .
 (b) **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within

the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
Fed.R.Evid. 201.

have it set aside on appeal." *Burson,* 952 F.2d at 1203. Ms. Meredith's case is significantly different. Although the record reveals Ms. Meredith did invite the district court to consider *Adair,* we have determined the court's use of *Adair* against Beech was proper. Therefore, Ms. Meredith did not invite mistake. She was asking the court to consider the issue of discrimination as resolved against Beech, who was a party in the earlier suit. Here, Ms. Meredith properly invited the court to consider *Adair.* Ms. Meredith is not responsible for the court's improper use of *Adair* against her as a nonparty on the issue of her remedy.

Because the district court's grant of summary judgment on Ms. Meredith's claim of discrimination in the promotion of Mr. Berry was improperly based on collateral estoppel, we reverse on this issue.

### B

■ The district court found Beech's evaluation of Ms. Meredith was not a retaliatory act and therefore Ms. Meredith failed to establish a *prima facie* case of retaliation. To establish a *prima facie* case of retaliation under Title VII, the plaintiff must show (1) she engaged in protected opposition to statutorily prohibited discrimination or participated in a statutorily permitted proceeding, (2) the employer took adverse action contemporaneously or subsequent to the employee's protected activity, and (3) a causal connection exists between the protected activity and the adverse employment action. *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 634 (10th Cir.1988). The district court decided Ms. Meredith's claim of retaliation did not satisfy the second and third prongs of the *prima facie* analysis. Ms. Meredith appeals this determination and the corresponding grant of summary judgment.

■ Even though Ms. Meredith categorizes the review as negative because it was lower than previous evaluations, it is undisputed she was given satisfactory marks. Ms. Meredith did not present any evidence explaining the implications of "meets expectations" or "exceeds expectations." The only evidence we have before us is that the Company adopted a new evaluation form just before the challenged review was conducted. The categories on the old forms were "not acceptable," "below average," "satisfactory," "above average," and "superior." The categories on the new form were "unsatisfactory," "below expectations," "meets expectations," "exceeds expectations," and "exceptional." Ms. Meredith has not explained how the old ratings relate to the new ratings. Ms. Meredith has not raised an inference the rating "meets expectations" is a negative evaluation, and Ms. Meredith has presented no evidence of adverse action relating to her evaluation.[4] Even though all doubts must be resolved in Ms. Meredith's favor, allegations alone will not defeat summary judgment. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Applying a *de novo* review of this issue, we agree summary judgment was appropriate and therefore affirm.

### C

■ Ms. Meredith argues on appeal the district court erred in granting summary judgment on her claim of discriminatory and retaliatory discharge. The district court concluded the reason for discharging Ms. Meredith was employee misconduct and not discrimination or retaliation.

Beech articulated a legitimate, nondiscriminatory reason for firing Ms. Meredith, her unauthorized appropriation of confidential files, and Ms. Meredith has not presented any evidence showing the reason may be pretextual. The only evidence Ms. Meredith presents is Beech's failure to terminate two employees who violated different Company rules: one employee who violated a Company rule by talking too much was not terminated, and another employee who violated a Company rule on sexual harassment was allowed to retire instead of being fired. These unrelated examples do not cast doubt on Beech's explanation of Ms. Meredith's termination. The two employees violated very different Company rules, and Beech had in fact initially decided to terminate the employee who violated the sexual harassment rule. Ms.

---

**4.** Ms. Meredith may have even received a merit raise shortly after the evaluation.

Meredith has not created a genuine issue concerning the sincerity of Beech's proffered reason for her termination.

The evidence presented by Ms. Meredith to contradict Beech's reasons for terminating her employment is insufficient to raise doubts about Beech's motivation. To defeat a summary judgment motion, she would have to present evidence establishing a reasonable inference the employer's proffered, nondiscriminatory explanation is pretextual. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1039 (10th Cir.1993) (Title VII religious discrimination in employment). Ms. Meredith's evidence does not support the inference that Beech's proffered explanation is pretextual.

Ms. Meredith has also failed to show retaliation because she failed to show a causal connection between her termination and the lawsuit she initiated against Beech. The mere filing of a complaint against Beech is insufficient evidence to defeat a summary judgment motion to dismiss the retaliation claim. She confirmed that she stole the confidential documents from Beech and that Beech did not fire her until it learned of the theft. Because Ms. Meredith has not presented any evidence on the causal connection between her lawsuit and her termination, she has not established a *prima facie* case of retaliation.

Ms. Meredith has failed to raise a disputed fact, thus summary judgment was appropriate on the issues of discriminatory and retaliatory discharge.

### D

Ms. Meredith had also alleged the Company's promotion of Ms. Montgomery was an act of disparate treatment. The district court dismissed this claim on a motion for summary judgment. The court found, and we agree, Ms. Meredith failed to establish a *prima facie* case of disparate treatment because Ms. Montgomery was part of the protected group. Summary judgment in favor of Beech was appropriate, and we therefore affirm on this issue.

### E

On appeal, Ms. Meredith claims she is entitled to attorney's fees because the district court determined Beech discriminated in its promotion of Mr. Berry. Ms. Meredith further asserts she is entitled to attorney's fees for this appeal if she prevails. However, we need not address the issue of attorney's fees for two reasons. One, there is nothing in the record to show Ms. Meredith has made an application for attorney's fees at the district court level. Two, Ms. Meredith has not yet prevailed on any of her claims and she has not been granted any relief. Accordingly, the issue of attorney's fees is premature. *See Farrar v. Hobby,* ⸺ U.S. ⸺, ⸺, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992).

### CONCLUSION

Because the use of issue preclusion offensively against Ms. Meredith was improper, we **REVERSE AND REMAND** on the issue of remedies relating to Beech's discriminatory promotion of Mr. Berry to group leader.

We **AFFIRM** the district court's grant of summary judgment for Beech Aircraft Corporation on Ms. Meredith's claims of retaliation in the personnel evaluation, of disparate treatment and retaliation through discriminatory discharge, and of discrimination in the promotion of Ms. Montgomery.

The case is therefore **REMANDED** in accordance with this decision.