79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Iona E. JOHNSON, Plaintiff-Appellant,
v.
INDOPCO, INCORPORATED, a New York corporation, Defendant-Appellee.
 No. 95-2616.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 7, 1996.
Decided March 19, 1996.
 
 CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Iona E. Johnson is a black former employee of defendant Indopco, Inc. ("Indopco"). She brought suit against Indopco alleging that it discriminated against her on the basis of her race by not promoting her and by paying her a lower salary than non-black secretaries in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981.
 
 
 2
 Plaintiff was hired by Indopco as a Grade 04 secretary in November 1988 at a starting salary of $19,053 per year. She was promoted to Grade 05 Executive Secretary within ten months and received a 14% salary increase. Over the next few years she continued to receive frequent salary increases (5.21% in September 1990; 4.76% in April 1991; 4.6% in March 1992; and 5.2% in March 1993) such that her final salary was $27,823 per year. In May 1991, she was given a three-week trial period as Executive Secretary to the company president, Robert J. Drennan. However, she was not given that permanent position because Drennan expressed dissatisfaction with her performance. Specifically, Drennan had problems with (1) her typing speed and accuracy; (2) her ability to act as an assistant in projects requiring mathematical skills, problem solving, thought process and organizational ability, and (3) her priority setting. As a result, Deborah Cortino, a white employee, became Drennan's Executive Secretary.
 
 
 3
 Plaintiff brought her discrimination claims while still employed at Indopco. However, in June 1994, in response to Indopco's discovery requests, plaintiff produced twenty three documents, many of which were clearly marked "confidential," that she had been ordered to destroy but had surreptitiously removed from defendant's premises. Because of this misappropriation, she was discharged on July 21, 1994. As a result of the termination, plaintiff sought to file a second amended complaint, alleging that she had been terminated for pursuing this lawsuit. However, because she admitted misappropriating Indopco's documents, the court denied plaintiff's motion on the basis that the retaliation claim would simply be futile. The court then entered summary judgment in defendant's favor on plaintiff's original discrimination claims.
 
 
 4
 Plaintiff's first contention on appeal is that her motion to file a second amended complaint was improperly dismissed. We disagree. Plaintiff admitted in deposition that she had been instructed to destroy the documents in question because they contained information that, if disclosed to competitors, would harm Indopco. Not only did she admit that she did not follow that instruction--instead taking the documents home with her--but she also admitted that Indopco had clear rules prohibiting this conduct. We agree with the district court that this conduct was a valid reason for her termination, see Meredith v. Beech Aircraft Corp., 18 F.3d 890, 896 (10th Cir.1994) (stealing company documents), and that any claim that the termination was in retaliation for her pursuing the original lawsuit would be futile. Thus the district court's denial of plaintiff's motion to amend her complaint was not an abuse of its discretion. Estate of Porter v. Illinois, 36 F.3d 684, 689 (7th Cir.1994).
 
 
 5
 Plaintiff next contends that summary judgment was improperly granted on her original discrimination claims. Under the McDonnell-Douglas burden shifting approach, a plaintiff in a Title VII discrimination case must carry the initial burden of establishing a prima facie case. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802. To do so for a claim based upon a failure to promote, where there is no direct evidence of discrimination, a plaintiff must present evidence that she (1) is a member of a protected class; (2) that she was qualified for the position; (3) that she was not hired; and (4) that the defendant hired or promoted someone from outside the protected group with similar or lesser qualifications than the plaintiff. Sample v. Aldi, Inc., 61 F.3d 544, 548 (7th Cir.1995). We agree with the district court that plaintiff failed to establish a prima facie case because she presented no evidence that Indopco hired or promoted a person with similar or lesser qualifications. The evidence indicated that Deborah Cortino, the person given the permanent position of Drennan's Executive Secretary, had work experience and an educational background that were superior to that of the plaintiff and thus cannot be considered "similarly-situated." Furthermore, plaintiff offered no evidence that would refute Indopco's proffered reason for not giving plaintiff the position--Drennan's dissatisfaction with her performance. She points only to previous favorable evaluations by other supervisors. While these evaluations may indicate that she was performing competently for other supervisors--a conclusion supported by her multiple salary increases during her employment at Indopco--they are not sufficient to establish that Drennan's reasons for not hiring her as his Executive Secretary are pretextual. Mr. Drennan simply didn't feel that she was able to perform at the level legitimately desired by the company's president. Therefore, Indopco was entitled to summary judgment on plaintiff's claim for failure to promote.
 
 
 6
 Plaintiff's wage discrimination claim fails for similar reasons. To establish a prima facie case in a wage discrimination situation, a plaintiff must prove that she was paid less than a similarly-situated employee who was not a member of plaintiff's protected class. Johnson v. University of Wisc.--Eau Claire, 70 F.3d 469, 478 (7th Cir.1995). Plaintiff offered no such proof. Indopco showed that the salaries of all secretaries were based on their qualifications, prior salary history, job requirements and market forces. The only suitably comparable evidence demonstrated that Debra Garrett-Currey, a black Grade 05 secretary, earned more than plaintiff and Sharon Bitterlin, a white Grade 05 secretary, earned less. Plaintiff's comparison to Debra Chaney, a white Grade 05 Executive Secretary, and to Cortino were inappropriate because Chaney had substantially more work experience than the plaintiff and Cortino, as discussed above, was much more qualified. The district court properly concluded that Indopco was entitled to summary judgment on plaintiff's wage discrimination claim.
 
 
 7
 Judgment affirmed.*
 
 
 
 *
 Plaintiff's motion to correct the record is denied