**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1049
_____

| | | |
|---|---|---|
| Kenneth L. Anderson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District of |
| v. | * | Nebraska. |
| | * | |
| Genuine Parts Company, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 10, 1997
Filed: November 14, 1997

_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Kenneth Anderson worked as an "outside" sales representative for Genuine Parts Company (GPC) until GPC demoted him to an "inside" sales position, at a significantly reduced wage. Anderson initially accepted the demotion, but later resigned and brought this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), and the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. §§ 48-1001 to 1010 (1993). A jury returned a verdict of dismissal in favor of GPC and the district court denied Anderson's

motions for a new trial and for judgment as a matter of law. Anderson then brought this appeal.

Anderson asserts the district court erred in: (1) excluding evidence of GPC's personnel policies and the jury verdict in the prior successful age discrimination suit against GPC by another older outside sales representative of the company; (2) denying his motion for judgment as a matter of law based on the theory of issue preclusion; and (3) excluding instruction on general damages under the Nebraska age discrimination statute. We affirm.

## I.    BACKGROUND

Genuine Parts Company (d/b/a NAPA Auto Parts) is engaged in the business of retail and wholesale sales of automotive replacement parts. In Omaha, Nebraska, GPC has a distribution center and six branch stores. Dale King serves as the local manager responsible for the GPC stores in Omaha, Nebraska and Council Bluffs, Iowa. King supervises the store managers and outside sales force. Al Alexander, the general manager, oversees the sales and operation of the distribution center and GPC-owned stores for the Omaha operation.

In mid-December, 1992, Alexander met with his supervisors in Atlanta, Georgia and was directed to eliminate two positions from his "outside" sales force. Alexander testified that upon his return to Omaha he directed King to identify and recommend two "outside" sales representatives for demotion.

On January 7, 1993, Alexander and King met with Kenneth Anderson and Larry Maschka, in separate meetings, and advised them that GPC was removing them from the "outside" sales force and demoting them to "inside" sales positions at a substantially reduced pay. GPC gave both men several days to consider whether they wanted the "inside" positions. Both men accepted the new job assignments. GPC gave

"reduction-in-force" reasons for the demotion and asserted reasons for selecting Anderson and Maschka as the most appropriate persons to be removed from the outside sales force. Specifically, GPC claimed that Maschka and Anderson's sales performances were not as promising[1] as other outside sales representatives.

Anderson and Maschka were the two oldest and most senior of the nine outside sales representatives. Anderson and Maschka began working for GPC in 1959 and 1956, respectively. In 1991, GPC added two new outside sales representatives, David Muellner and David Zenchuk, both of whom are less than forty years old.

Maschka resigned his employment with GPC in April 1993 and went to work for Art's Auto Parts as an outside sales representative. Anderson resigned his employment with GPC in May of 1993 and also went to work for Art's Auto Parts as an outside sales representative. In his resignation letter to GPC, Anderson claimed that he considered his termination of employment to be a constructive discharge, stating that he was forced to leave the company or suffer a substantial decrease in retirement benefits.

Both Anderson and Maschka filed separate age discrimination actions. Maschka's age discrimination action was tried in March of 1996, resulting in a verdict in Maschka's favor. Specifically, the jury found GPC liable for age discrimination, determined that GPC's action was wilful, and found that GPC constructively discharged

---

[1]GPC conceded that two recently-hired outside representatives, David Zenchuk and David Muellner, had poorer sales performances than Maschka and Anderson. However, GPC maintains that Zenchuk was quickly increasing his sales volume at a rate in which Zenchuk would soon surpass both Maschka and Anderson's sales volumes. In addition, GPC claims that it did not consider Muellner for demotion because Muellner was an automotive paint specialist and GPC had set a goal of expanding its sales in the automotive paint market.

Maschka from his employment.  We affirmed the judgment in <u>Maschka</u>.  <u>Maschka v. Genuine Parts Co.</u>, 122 F.3d 566 (8th Cir. 1997).

Following the jury's verdict in the <u>Maschka</u> case and shortly before trial in Anderson's case, GPC filed a motion in limine, requesting exclusion of certain portions of the GPC personnel manual regarding layoffs and termination from employment.  The district court conditionally granted GPC's motion based on the district court's conclusion that the parties had stipulated in the uncontroverted facts of the Pretrial Order that Anderson was demoted.  The district court reasoned that only provisions regarding demotions in the personnel manual would be relevant to Anderson's case.  However, the manual did not contain any provision specifically applicable to demotions.

Anderson's case came to trial in October of 1996.  After the close of all of the evidence and prior to the submission of the case to the jury, Anderson requested that the district court enter judgment for plaintiff Anderson, as a matter of law consistent with the judgment entered in Maschka's action against GPC.  Anderson's motion relied upon the doctrine of issue preclusion, asserting that GPC, having lost on the age discrimination claim in <u>Maschka</u>, should be bound to that determination in Anderson's case.  The district court denied Anderson's motion.  The jury returned a verdict of dismissal in favor of GPC.  Anderson moved for a new trial and renewed his motion for judgment as a matter of law, both of which the district court denied.  Anderson then brought this appeal from the adverse judgment.

## II.    DISCUSSION

### A.    Exclusion of GPC's Personnel Policies and Judgment in <u>Maschka</u>

Anderson contends that the district court erred by not allowing Anderson to submit evidence of GPC's personnel policies and the judgment entered in the <u>Maschka</u>

case. We review the district court's denial of a motion for a new trial and its evidentiary rulings under an abuse of discretion standard. Schultz v. McDonnell Douglas Corp., 105 F.3d 1258, 1259 (8th Cir. 1997). Additionally, the standard for considering a request for a new trial is whether the exclusion of the evidence was in error and "affected the substantial rights of any party sufficient to warrant a new trial." O'Dell v. Hercules, Inc., 904 F.2d 1194, 1200 (8th Cir. 1990).

### 1. GPC's personnel policy manual in its entirety, GPC's layoff policy, and GPC's termination policy and checklist

The district court found that because Anderson's claim involved a "demotion" rather than a "termination" or "layoff," the jury should only consider those policies dealing with demotion. The district court based this determination on the parties' stipulations in the Pretrial Order. Specifically, in paragraph 7 of the "Uncontroverted Facts" of the Pretrial Order, the parties stipulated to the following statement: "Plaintiff was notified by the Defendant effective January 1, 1993 [that] Plaintiff was demoted to the position of a Counter Employee. . . ." Jt. App. at 61. Furthermore, during trial, the following exchange occurred:

> THE COURT: . . . Are we talking about demotion, are we talking about -- just what are we talking about? . . .
>
> MR. YOUNG: I agree, your Honor. The position of the plaintiff is this: We agreed that there was a demotion.

Jt. App. at 469.

Anderson argues that notwithstanding this exchange and the Pretrial Order, the parties' pleadings made it clear that this case involved the issues of termination and layoff, as well as demotion. Also, Anderson submits that Alexander and King both testified that Anderson was merely offered the inside sales position rather than ordered

-5-

to accept the new position. According to Anderson, this testimony shows that Anderson was terminated and then offered a new position, rather than demoted.

Anderson further argues that the exclusion of this evidence unduly prejudiced his case. Anderson argues that the termination policy and termination checklist would have shown that GPC did not follow their own termination policy. Anderson notes that the personnel manual contained a voluntary and involuntary layoff policy that required GPC to terminate first those with the least seniority. Anderson maintains that this layoff policy in the personnel manual sets the general objective criteria to determine which persons should be removed during a layoff. According to Anderson, had this policy been followed, the two least senior sales representatives, Zenchuk and Muellner, would have been removed (Zenchuk and Muellner are both in their thirties and had the lowest dollar sales volumes for 1991 and 1992).

In our view, the district court's ruling did not constitute an abuse of discretion. The Pretrial Order supersedes all previous pleadings and "control[s] the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e). This court has previously ruled that, "'[t]he pretrial order measures the dimensions of a lawsuit.'" Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1335 (8th Cir. 1985) (quoting Seneca Nursing Home v. Secretary of Social & Rehabilitation Servs. of Kansas, 604 F.2d 1309, 1314 (10th Cir. 1979)). "Accordingly, a party may not offer evidence or advance theories during trial which violate the terms of a pretrial order." Hale, 756 F.2d at 1335 (citing United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981)). We therefore conclude that the district court did not err in relying on the Pretrial Order in defining the parameters of this trial and excluding termination policies as irrelevant. Moreover, Anderson offered no foundation evidence to show that GPC had previously followed termination policies when making other demotions. Thus, GPC's termination policies may well have been unduly prejudicial. See Fed. R. Evid. 403. Thus, the district court's determination to exclude this evidence did not constitute prejudicial error.

## 2. GPC's performance appraisal policy and GPC's disciplinary policy

GPC's performance appraisal policy requires management to evaluate and document each employee's performance and to establish an "action plan," which is agreed upon by management and the employee. Similarly, GPC's disciplinary policy also sets forth a progressive systematic method for correcting employee deficiencies.

Anderson argues that GPC's performance appraisal policy and GPC's disciplinary policy[2] would have discredited King's testimony of Anderson's alleged performance deficiencies, since King had never documented any significant deficiency in Anderson's performance. In addition, Anderson asserts that GPC never documented any attempt to improve Anderson's performance.

Anderson's argument that these policies were relevant for the purpose of challenging King's assertions has some merit. Nevertheless, the theory of GPC's defense and the focus of King's testimony, which apparently the jury accepted, were that Anderson was demoted as part of a reduction-in-force. To implement the reduction-in-force, GPC assessed Anderson's performance and potential performance in relation to other outside sales representatives rather than GPC's sales requirements. Therefore, Anderson's performance as compared to company goals and requirements is arguably irrelevant. Accordingly, we conclude that the district court's rulings with respect to the performance appraisal policy and the disciplinary policy did not constitute reversible error.

---

[2]Anderson's contention with respect to GPC's disciplinary policy differs from his other evidentiary arguments because the district court ultimately did allow him to enter the policy into evidence. However, Anderson argues that because the district court did not allow him to introduce the disciplinary policy until the end of his rebuttal case, he suffered prejudice because he could not use the policy to more effectively cross-examine King.

### 3.    GPC's anti-discrimination policies

The district court did not allow Anderson to enter into evidence GPC's anti-discrimination policies. GPC has three separate anti-discrimination policies, which consist of an equal employment opportunity policy, an affirmative action policy, and an affirmative action program. GPC's anti-discrimination policies, for the most part, profess GPC's commitment to follow the requirements and restrictions of federal and state anti-discrimination statutes.[3] Anderson argues that GPC's policy would have discredited Alexander's testimony that he never realized that King had selected the two oldest and most senior employees for demotion. In our view, this contention does not amount to prejudicial error. GPC's decision to profess its willingness in its policy manual to follow federal and state anti-discrimination laws would not necessarily indicate that one of its managers was aware of the fact that the two oldest outside sales people were being demoted. We therefore conclude that the district court's ruling did not constitute reversible error.

### 4.    Verdict in the Maschka case

---

[3]GPC's Affirmative Action Program requires "each operating unit" to maintain certain minority status information regarding its employees. Jt. App. at 265-66. However, the policy requires each operating unit to keep information on only applicants, recently-hired employees, recently-promoted employees, and recently-terminated employees. Furthermore, with respect to those four categories, the affirmative action program requires each operating unit to only record data that is relevant to race, sex, disability, and veteran status. Id. Accordingly, we do not consider this policy to require GPC's management to be fully aware of the age of each of its employees before implementing a demotion.

At trial, the district court allowed Anderson to use prior testimony from the Maschka case only for the purpose of impeaching GPC's witnesses.[4] Anderson argues that he should have been allowed to inform the jury that the Maschka jury found that GPC committed age discrimination against Maschka. Anderson asserts that prior acts of discrimination by an employer are relevant evidence in discrimination actions. Anderson relies on Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153 (8th Cir.), cert denied, 498 U.S. 854 (1990). In Hawkins, this court stated that "[b]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial." Id. at 155-56 (citations omitted).

We fully endorse what this court has stated in Hawkins and in other cases, which is that allowing evidence of past discrimination is necessary to assist plaintiffs in the difficult burden of proving intentional discrimination. An employer's prior acts of discrimination may show the employer's state of mind at the time of the adverse employment action in question.

However, a jury verdict does not constitute evidence. Rather, a jury's verdict simply represents findings of fact, based on the evidence presented to it. Upon reviewing the trial record, we note that the district court allowed Anderson ample opportunities to present to the jury facts surrounding GPC's demotion of Maschka. In fact, Maschka testified at Anderson's trial about GPC's adverse treatment of both Anderson and Maschka. Furthermore, the district court allowed Anderson to cross-examine GPC's witnesses about GPC's treatment of Maschka. Accordingly, we conclude that the district court did not commit reversible error by excluding the jury's verdict in the Maschka case.

---

[4]When using the former testimony from the Maschka case for impeachment purposes, Anderson was only allowed to refer to the case as "another proceeding."

## B.    Issue Preclusion

Anderson argues that the district court erred in not granting his motion for judgment as a matter of law based on the doctrine of issue preclusion.  The doctrine of issue preclusion, which was formerly known as collateral estoppel, provides that "when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in another lawsuit." United States v. Brekke, 97 F.3d 1043, 1049 (8th Cir. 1996) (citations omitted).  Under this doctrine, a court must examine the following five factors to determine whether issue preclusion applies to a particular case:

(1)    the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;

(2)    the issue sought to be precluded must be the same as the issue involved in the prior action;

(3)    the issue sought to be precluded must have been actually litigated in the prior action;

(4)    the issue sought to be precluded must have been determined by a valid and final judgment; and

(5)    the determination in the prior action must have been essential to the prior judgment.

Tyus v. Schoemehl, 93 F.3d 449, 453 (8th Cir. 1996).

Anderson maintains, and GPC does not dispute, that four of the five factors-- namely factors 1, 3, 4, and 5--unquestionably weigh in favor of Anderson's claim to issue preclusion in the present case.

Anderson further argues that factor 2 also weighs in favor of issue preclusion because the issues determined by the jury's verdict in <u>Maschka</u> are essentially identical to the issues in Anderson's case. In support of his argument, Anderson cites the Tenth Circuit opinion of <u>Meredith v. Beech Aircraft Corp.</u>, 18 F.3d 890 (10th Cir. 1994). In <u>Meredith</u>, the Tenth Circuit applied issue preclusion to prevent Beech Aircraft from asserting that its actions in promoting a male were motivated by nondiscriminatory reasons because a jury, in a prior suit by another female co-employee, found that Beech Aircraft had discriminated by promoting the male in question. <u>Id.</u> at 894.

We determine that <u>Meredith</u> is distinguishable. In the initial sex discrimination case against Beech Aircraft, the jury found in favor of the female plaintiff because the jury determined Beech Aircraft had promoted, in a discriminatory manner, one particular male over other female employees. <u>Id.</u> Therefore, Beech Aircraft's discrimination in promoting the male employee over female employees was established by the jury in the first trial. Consequently, in the second proceeding where a second female employee sued over the same promotion decision, Beech Aircraft could not relitigate the issue of its discrimination in promoting the male employee over female employees.

In contrast, the jury's finding of age discrimination in Maschka's demotion would not necessarily eliminate any nondiscriminatory reasons GPC could assert or the jury could find relating to the separate decision to demote Anderson. Although we recognize the numerous similarities between the present case and the <u>Maschka</u> case, and the distinct possibility that GPC demoted both men for the same reason, we nevertheless conclude that the district judge, who presided at both trials, did not abuse his discretion in finding that the two cases were different. We agree with the district court's assessment that "[d]iscrimination claims are in and of themselves very factual, and, consequently, . . . applying the doctrine of issue preclusion to situations such as that in <u>Anderson</u> is inappropriate." <u>See</u> Jt. App. at 189.

## C.    Exclusion of General Damages Jury Instructions

Anderson raises a final issue relating to the district court's refusal to submit to the jury, or even allow evidence, of Anderson's claim for general damages under the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age.  This very argument, however, was rejected by this court in Maschka's appeal.  <u>Maschka</u>, 122 F.3d at 568.  For the reasons stated in <u>Maschka</u>, we similarly reject Anderson's contention.

## IV.    CONCLUSION

The exclusion of evidence noted in this opinion falls into the realm of discretion by the district court.  We recognize that another trial judge might have admitted the questioned evidence over objection.  Indeed, some of the excluded evidence was admitted in the <u>Maschka</u> case by the same district judge.  Nevertheless, under an abuse of discretion standard on evidentiary matters such as presented in this appeal, the trial judge possesses the prerogative to admit or not admit the evidence.  Accordingly, we affirm.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-12-