FILED
United States Court of Appeals
Tenth Circuit

December 23, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT E. FOX,

          Plaintiff-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veteran Affairs,

          Defendant-Appellee.

No. 08-7034
(D.C. No. 6:07-cv-00242-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

    Robert E. Fox sued his employer, R. James Nicholson, Secretary of Veteran

Affairs ("the VA"), for disability discrimination and retaliation. He alleged that

the VA discriminated against him based on his learning disability by failing to

timely review and reclassify his position to a higher grade. He also asserted that

after he contacted an Equal Employment Opportunity (EEO) Counselor and filed

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

an EEO complaint for disability discrimination, the VA retaliated against him in a number of different ways. The district court granted summary judgment in favor of the VA on all claims. Mr. Fox now appeals.

We AFFIRM the district court's grant of summary judgment on the retaliation claims. On the disability discrimination claim, we REMAND to the district court for further proceedings.

## I. Proceedings in the District Court

The VA moved for summary judgment on all claims. Mr. Fox filed a response to summary judgment, which included sixty-seven exhibits. The VA then filed a reply to summary judgment, objecting to forty-nine of Mr. Fox's sixty-seven exhibits. Mr. Fox was given the opportunity to file a sur-reply and he responded to the VA's evidentiary objections.

In the introductory notes to its summary judgment order, the district court acknowledged the VA had objected to many of Mr. Fox's exhibits and that Mr. Fox had an opportunity to respond to those objections, but it did not explicitly rule on any of the objections. The district court then noted that much of Mr. Fox's evidence was superfluous and not relevant. The district court concluded the discussion by stating that it was not going to "go through all of [Mr. Fox's] evidence and list for the parties what it is considering and what it is not. Instead, the court simply notes that it will list herein the facts that are pertinent to the motion for summary judgment." Aplt. App. at 577. The district

court then gave a very abbreviated version of the background facts in two paragraphs and did not mention the bulk of the facts outlined by Mr. Fox in his response to summary judgment. The district court's discussion of the facts in its analysis of the disability discrimination claim is likewise abbreviated.

Because the district court did not fully explain what evidence it was or was not considering and the basis for that decision, i.e., whether it was inadmissible or whether it was not relevant, we cannot review the merits of the summary judgment decision with respect to the disability discrimination claim. We cannot evaluate, for instance, whether the district court considered the evidence in the light most favorable to Mr. Fox without knowing what evidence the district court considered to be admissible nor can we conduct a proper de novo review of the disability discrimination claim without knowing what evidence is admissible.

The lack of an evidentiary ruling by the district court is compounded by the district court's use of an unduly narrow test for a prima facie case of disability discrimination. There was some confusion on the part of the parties and the district court with regard to the correct test. The district court ultimately decided that Mr. Fox must show "(1) that he is a member of a protected class; (2) that he suffered an adverse action; and (3) that similarly situated employees [were] treated differently." Aplt. App. at 578 (quotation and alteration omitted). That is not the correct test under the Rehabilitation Act. As we explained in *Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997), a plaintiff bringing a claim for

-3-

disability discrimination under § 501 of the Rehabilitation Act must show: "(1) [he] is a handicapped person within the meaning of the Act; (2) [he] is otherwise qualified for the job; and (3) [he] was discriminated against because of [his] handicap." A showing that similarly situated employees were treated differently is not "an indispensable element of the prima facie case" *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 (10th Cir. 2005), although it may be relevant to show the existence or absence of the third element of discrimination. Thus, evidence that the district court considered irrelevant under its initial incorrect analysis may become relevant under the proper standard.

Although the district court initially concluded that Mr. Fox had failed to meet his burden on the third prong of his prima facie case, the district court also went on to discuss the VA's legitimate, non-discriminatory reasons for its actions as an alternative basis for granting summary judgment. Even if we were to assume that Mr. Fox had met his prima face case, we conclude that the district court's analysis of the VA's legitimate, non-discriminatory reasons also requires a fuller analysis of the VA's evidentiary objections and the facts the district court was considering. For example, the VA contended that Mr. Fox's supervisor was too busy to review his position description in 2002 but this explanation does not address any delays in 2003 and 2004, which are also covered by Mr. Fox's complaint.

Without knowing what evidence is properly admitted and what evidence the district court would consider when applying the proper prima facie test, we conclude that this case must be remanded for further proceedings. On remand, the district court should rule on the VA's evidentiary objections, apply the correct prima facie test for disability discrimination, and consider the facts in the light most favorable to Mr. Fox, with an explanation for any facts it chooses not to consider.

We note that we are able to review the district court's disposition of Mr. Fox's retaliation claims. The bulk of the VA's objections were directed at evidence relied upon by Mr. Fox to support his disability discrimination claim. The VA only objected to nine exhibits related to the retaliation claims and those exhibits were either not material or the facts were admitted in other exhibits provided by the VA. Moreover, the district court applied the proper analysis to Mr. Fox's retaliation claims. Because of these considerations, we are able to reach the merits of Mr. Fox's retaliation claims.

## II. Background

Mr. Fox has a learning disability, which affects him in the areas of reading, writing and mathematics. In 1997, the State of Oklahoma certified Mr. Fox as having a severe disability. In 1999, the VA hired Mr. Fox as a Personnel Assistant under an excepted (handicapped) appointment to work at the VA Medical Center in Muskogee, Oklahoma. At the time of his hire, Mr. Fox's

position was classified as a GS-203 series, GS-7 grade. The position description ("PD") under which Mr. Fox worked was originally classified in 1994. In 2001, Mr. Fox's position title changed to Human Resources Assistant, but his GS classification and PD remained the same.

Beginning in November 2001, Mr. Fox sought to have his PD reviewed and to have his position reclassified because he believed he was doing the job duties of a Specialist, not an Assistant. In September 2004, Mr. Fox contacted an EEO counselor regarding his belief that he was being discriminated against because of his disability. Mr. Fox then filed an EEO complaint in November 2004, alleging that the VA was discriminating against him because of his disability by failing to reclassify his position to accurately reflect his job duties. In January 2005, Mr. Fox filed a second EEO complaint, alleging that the VA was retaliating against him for his prior EEO activity. The underlying complaint in this action was filed in 2007.

### III. Standard of Review

We review de novo the district court's summary judgment decision. *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007). A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from

the record in the non-movant's favor." *Fischer v. Forestwood Co.*, 525 F.3d 972, 978 (10th Cir. 2008). "While we view the record in the light most favorable to the non-moving party, that party must still identify sufficient evidence requiring submission to the jury to survive summary judgment." *Piercy*, 480 F.3d at 1197.

## IV. Discussion

Mr. Fox alleged that the VA retaliated against him for contacting an EEO counselor in September 2004 and filing an EEO complaint in November 2004. Specifically, he alleged the VA retaliated by: (1) failing to hire him for two Human Resource Specialist positions; (2) including negative remarks and some lower scores on his performance appraisal; (3) requiring him to perform back-up secretarial duties; and (4) sending in his 1994 PD to the VA Medical Center in Houston, Texas for classification when it was not accurate.

In order to succeed on a claim for retaliation, Mr. Fox must first establish a prima facie case by showing (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004). The Supreme Court has explained that the second prong requires a showing "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of

-7-

discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotations omitted).

If Mr. Fox establishes his prima facie case, the burden shifts to the VA to articulate a legitimate, non-discriminatory reason for the adverse employment action. *See Meiners,* 359 F.3d at 1229. Mr. Fox must then respond by demonstrating that the employer's reason is pretextual. *Id.*

A.

Mr. Fox argued that the VA's failure to hire him for two vacant Human Resource Specialist Positions was in retaliation for his protected EEO activity. In its motion for summary judgment, the VA assumed Mr. Fox could meet his prima facie case[1] with respect to the VA's decision not to hire him for the two vacant Human Resource Specialist Positions but it offered a legitimate, non-discriminatory reason for its decisions–that it hired the best qualified applicants. Mr. Fox argues that the VA's reason is pretextual because he was more qualified than the applicants who were selected. On appeal, he focuses his argument on Kori Taylor, the person who was selected for the second vacancy.

---

[1] Mr. Fox argues that the district court erred by concluding that the VA's refusal to hire Mr. Fox for these positions did not constitute an adverse action. We agree with Mr. Fox that a refusal to hire does constitute an adverse action, but the error here is harmless. The VA assumed in its motion for summary judgment that Mr. Fox could meet his prima facie case and the district court considered the VA's legitimate, non-discriminatory reason as a basis for resolving the claim.

He argues he was more qualified than Ms. Taylor because of his work experience and educational background.[2]

After considering a series of criteria, Mr. Fox was rated qualified for the vacancies, as was Ms. Taylor. Ms. Taylor, however, received higher scores on the rating system. In addition to being rated the highest by Nan Haynes, who Mr. Fox alleges was biased, Ms. Taylor was also rated the highest by an independent board of interviewers. "An employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." *Lujan v. Walters*, 813 F.2d 1051, 1058 (10th Cir. 1987) (quotation omitted). Although Mr. Fox objects to the fact that Ms. Taylor was given higher ratings in the more "subjective factors," Aplt. Br. at 38, there is no showing here that the criteria used to rate the candidates was unlawful. "Unless the disparity in employees' qualifications are obvious," which it is not here, we are "reluctant to substitute our views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question." *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005)

---

[2]   In his response to the motion for summary judgment, Mr. Fox introduced deposition testimony by a fellow employee, Cris Ford, in which Mr. Ford opined that Mr. Fox was more qualified than Ms. Taylor. The district court concluded that Mr. Fox had provided no evidentiary foundation for this testimony. Mr. Fox argues on appeal that this ruling was improper. We see no abuse of discretion by the district court on this evidentiary ruling. *See Argo v. Blue Cross & Blue Shield of Kan.*, 452 F.3d 1193, 1199 (10th Cir. 2003).

(quotation omitted). Mr. Fox has not shown that the VA's decision to hire other equally qualified applicants instead of him was a pretext for discrimination.

B.

The VA argued that Mr. Fox could not establish a prima facie case on his claim that negative comments and lower scores on his performance review constituted retaliation because he was ultimately rated "Fully Successful" on his performance review. We agree with the VA that these facts do not establish that Mr. Fox suffered a materially adverse employment action and therefore Mr. Fox cannot meet a prima facie case of retaliation. *See, e.g., Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 896 (10th Cir. 1994) (concluding that plaintiff who was given a performance review that was lower than previous reviews but remained in the satisfactory range had not presented evidence of an adverse action). We note, moreover, that other than referring this court to its response on summary judgment, *see* Aplt. Br. at 40, Mr. Fox fails to offer any argument as to how the district court erred in granting summary judgment on this claim.

C.

The VA argued that Mr. Fox could not establish a prima facie case of retaliation on his claim that he was required to act as a "back-up secretary." Mr. Fox conceded that his PD included the duty to act as a "back-up for secretary." The district court concluded that Mr. Fox had not shown that he

-10-

suffered an adverse employment action because acting as a back-up secretary was part of his job duties. Moreover, the VA presented a legitimate, non-discriminatory reason for its decision and Mr. Fox has not shown that the VA's reason was pretextual. The secretarial position was vacant and the VA needed help covering the position. Mr. Fox was one of several employees who were required to perform back-up secretarial duties part-time while the secretarial position was open.

Mr. Fox asserts on appeal that the district court's order was contrary to the Supreme Court's decision in *Burlington* because a reassignment of duties can constitute a materially adverse action. In *Burlington*, the plaintiff's entire position was changed, she was the only person who was reassigned, and she was reassigned to that position full-time. *See* 548 U.S. at 58. In contrast to the plaintiff in *Burlington*, Mr. Fox's position remained the same; he and some of his co-workers were simply asked to temporarily perform additional back-up secretarial duties while the secretarial position remained open. This does not constitute a materially adverse action and there is no showing that the VA's legitimate, non-discriminatory reason was pretextual.

D.

Mr. Fox argued that the VA retaliated against him by sending in his 1994 PD to the VA Medical Center in Houston, Texas for review and reclassification in August of 2006 despite the fact that it was inaccurate. The VA argued that this

was not a materially adverse employment action because Mr. Fox had been working under the 1994 PD since he was hired in 1999. Sending the 1994 PD in for review and reclassification did not change his employment status. Moreover, the VA provided an explanation for why it sent in the PD. The VA and Mr. Fox had been in negotiations on revisions to the PD but they ultimately could not agree. When an agreement could not be reached, the VA sent in the 1994 PD so that it could know at a minimum whether the 1994 PD was correctly graded or whether it should be classified at a higher grade. Mr. Fox has not demonstrated he suffered a materially adverse employment action or that the VA's legitimate, non-discriminatory reason was pretextual.

## V. Conclusion

The judgment of the district court is AFFIRMED on Mr. Fox's retaliation claims. We VACATE the portion of the district court's order discussing Mr. Fox's disability discrimination claim and REMAND to the district court for further proceedings consistent with this opinion.

Entered for the Court

Per Curiam

-12-