# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 09-6018

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Larry Grimlie, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Terri A. Running, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff - Appellee, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Larry Grimlie, | * | |
| | * | |
| Defendant - Appellant. | * | |
| | * | |

_____

Submitted: July 17, 2009
Filed: August 5, 2009

_____

Before FEDERMAN, MAHONEY, and SALADINO, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

Larry Grimlie appeals the judgment of the bankruptcy court[1] dated April 9, 2009, declaring a settlement agreement void and dismissing the remaining counts of Plaintiff's complaint. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons stated below, we affirm.

FACTUAL BACKGROUND

Terri A. Running, the Chapter 7 Trustee of the bankruptcy estate of Larry Grimlie, brought an adversary proceeding seeking a declaration that a settlement agreement and certain deeds issued pursuant to the settlement agreement are void.

Mr. Grimlie filed his Chapter 7 bankruptcy petition on September 29, 2004. On January 3, 2005, the trustee initiated Adversary Proceeding No. 05-4001 against Mr. Grimlie seeking a denial of his discharge based on 11 U.S.C. § 727. On February 17, 2005, the trustee brought Adversary Proceeding No. 05-4041 against Mr. and Mrs. Grimlie, their daughter, Erica Johnson, and Mr. Grimlie's son, Craig Grimlie (collectively the "Grimlies"). That adversary sought the avoidance of allegedly preferential transfers made by Mr. Grimlie to his wife and children and recovery of certain property of the bankruptcy estate.

On September 8, 2005,[2] the Grimlies and the trustee entered into a settlement agreement which provided, among other things, for the Grimlies to convey to the trustee 40 acres of land. The bankruptcy court subsequently approved the agreement and the adversary proceedings were dismissed pursuant to its terms.

---

[1]The Honorable Robert J. Kressel, United States Bankruptcy Court for the District of Minnesota.

[2]There are several references in the record to this settlement agreement being dated September 8, 2005, but it appears it was signed by the Grimlies on August 26, 2005.

On January 27, 2006, the trustee initiated a further adversary proceeding (No. 06-4034) in an attempt to force the Grimlies to comply with the settlement agreement and to attend mediation to determine the division of the property. With the assistance of mediation, a further settlement was negotiated which provided for the division of the Grimlies' land and which provided the trustee an access road across the Grimlies' remaining property to the property to be conveyed to the trustee. On March 21, 2006, the parties signed an Agreement Regarding Property Conveyance which modified the earlier settlement and established the location of the access road and division of the property. As a result of the modified settlement, Adversary Proceeding No. 06-4034 was dismissed. On September 5, 2006, Mr. and Mrs. Grimlie executed a quitclaim deed in favor of the trustee for 40 acres to be conveyed to the trustee under the settlement agreement and for an access road as defined in the settlement agreement. The deed was recorded in Wright County, Minnesota, on October 23, 2006.

Subsequently, the Wright County Office of Planning and Zoning sent a letter to the trustee informing her that the division of property as set forth in the deed filed pursuant to the settlement agreement was illegal because it was not in compliance with the Wright County zoning ordinance. The trustee attempted to obtain a variance from the county, but was unsuccessful. Mr. Grimlie refused to relocate the access road in the manner requested by the trustee in order to make the conveyance of property acceptable to the county. Therefore, the trustee brought Adversary Proceeding No. 07-4086 against the Grimlies seeking to enforce and modify the settlement agreement by compelling the Grimlies to execute a quitclaim deed conveying the property in a manner that would be acceptable to the county.

After a trial, the bankruptcy court issued its Memorandum Opinion and Order for Judgment dated November 1, 2007, which denied the trustee's request to enforce and modify the settlement agreement. Specifically, the bankruptcy court found that the inability of the trustee to obtain official approval of the division of property had frustrated the settlement agreement's purpose. In particular, the bankruptcy court

found "[b]ecause all three criteria for frustration of purpose have been met, the contract has been frustrated and performance of the contract is excusable." The court further found that the parties were mutually mistaken about the acceptability of the property's division and the location of the access road and that reformation of the settlement agreement was inappropriate. Specifically, "the parties' mutual mistake regarding the zoning ordinances of Wright County and their ability to obtain a variance of those zoning ordinances make the settlement agreement voidable." None of the parties appealed that judgment.

The trustee subsequently filed Adversary Proceeding No. 08-4176, from which this appeal arose. In her complaint, the trustee sought declaratory relief that the September 8, 2005, settlement agreement and the deed issued pursuant thereto are void. The trustee also sought vacation of the orders dismissing the trustee's prior adversary proceedings seeking denial of discharge and recovery of preferential transfers. Finally, the complaint sought to vacate the order of discharge received by Mr. Grimlie in his bankruptcy case.

In ruling on the trustee's motion for summary judgment, the bankruptcy court determined that its November 1, 2007, Memorandum Opinion and Order for Judgment established all of the grounds for declaring the settlement agreement void, and that summary judgment should be granted. As a result, the court also voided the deed issued pursuant to the settlement agreement. The bankruptcy court dismissed the remaining counts (for reinstatement of the dismissed adversary proceedings and for revocation of discharge), determining that a new adversary proceeding was not the proper forum to address those issues. This appeal by Mr. Grimlie followed.

4

## STANDARD OF REVIEW

"We review de novo the [bankruptcy] court's determination of state law, its conclusions of law, and its grant of summary judgment[.]" *MSK EyES Ltd. v. Wells Fargo Bank*, 546 F.3d 533, 540 (8th Cir. 2008). *See also Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1179 (8th Cir. 2008) ("Like the B.A.P., we review the bankruptcy court's entry of summary judgment de novo.").

## DISCUSSION

Mr. Grimlie apparently wants the trustee to be bound by the September 8, 2005, settlement agreement despite the illegal division of the property. He simply wants to bring an end to the lengthy litigation that has arisen from his bankruptcy case. However, in order to rule in favor of Mr. Grimlie, the bankruptcy court would have had to review issues it already decided and overrule findings in its earlier order in Adversary Proceeding No. 07-4086.[3] Collateral estoppel bars such review. Collateral estoppel has five elements:

(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
(2) the issue sought to be precluded must be the same as the issue involved in the prior action;
(3) the issue sought to be precluded must have been actually litigated in the prior action;
(4) the issue sought to be precluded must have been determined by a valid and final judgment; and
(5) the determination in the prior action must have been essential to the prior judgment.

---

[3]Which order found that the purpose of the settlement agreement had been frustrated and that the parties' mutual mistake regarding the zoning ordinances made the settlement agreement voidable.

*Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir. 1997).

All five elements exist here. The Grimlies were parties to Adversary Proceeding No. 07-4086 and the issue in that case also dealt with enforcement of the September 8, 2005, settlement agreement. The enforceability of that settlement agreement was actually tried in the bankruptcy court and it was determined to be unenforceable by a valid and final judgment dated November 1, 2007. No appeal was filed. The determinations regarding frustration of purpose and mutual mistake were essential to the prior judgment refusing to enforce the settlement agreement.

All five elements having been met, Mr. Grimlie is barred from now attacking those findings by the doctrine of collateral estoppel. Accordingly, the bankruptcy court properly determined that the trustee was, as a matter of law, entitled to judgment declaring the settlement agreement dated September 8, 2005, void. Further, since the quitclaim deed was executed in furtherance of the void settlement agreement, the bankruptcy court also properly declared the quitclaim deed to be void.

The bankruptcy court's judgment also dismissed Counts II and III of the trustee's complaint in the underlying adversary proceeding. Count II sought to reinstate earlier adversary proceedings filed by the trustee which were dismissed as a result of the settlement agreement. Count III sought vacation of the order of discharge. According to the transcript of the proceedings, the bankruptcy court dismissed those counts because the relief requested should have been brought in the applicable cases (the dismissed adversary cases and the underlying bankruptcy case) instead of in a new adversary proceeding. It is not entirely clear, but it seems doubtful that Mr. Grimlie meant to appeal that portion of the bankruptcy court's judgment since he was the successful party. In any event, Mr. Grimlie failed to address that portion of the bankruptcy court's judgment in his notice of appeal or in his brief. To be reviewable, the issue must be presented in the brief with some specificity. *Leonard v.*

*Dorsey & Whitney LLP*, 553 F.3d 609, 637n.11 (8th Cir. 2009) (Colloton, J., dissenting) (citing *JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 875 n.8 (8th Cir. 2008)); Fed. R. App. P. 28(a)(5).

## DECISION

Accordingly, we affirm the judgment of the bankruptcy court.

_____